## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Settlement Agreement and General Release of Claims made and entered into as of this 12th day of April, 2017, by and among, Alfredo Garcia, on behalf of himself, his heirs, executors, administrators, attorneys, and assigns (collectively "Plaintiff"), on the one hand, and A SQUARE B INC. d/b/a MURPHY'S TAVERN; BRIAN M. MURPHY; DENNIS J. MURPHY; and KATHLEEN M. MURPHY; on their own behalf and on behalf of their present and former directors, officers, partners, employees, representatives, agents, attorneys, owners, insurers, parents, subsidiaries, affiliates, successors, administrators, attorneys, and related entities (collectively, "Defendants" or "Releasees," The Plaintiff and Defendants are hereinafter referred to collectively as the "Parties"), on the other hand (the "Agreement"):

**WHEREAS**, Plaintiff has pending against Defendants an action pending in the United States District Court for the Southern District of New York, Civil Action No. 15 CV 6398 (RJS) (hereinafter "the Pending Action"), alleging a violation of federal and state wage and hour and laws; and

**WHEREAS,** Defendants have filed an Answer and Affirmative Defenses to Plaintiff's Complaint in the Litigation with the Court, denying the allegations in the Complaint and denying Plaintiff's entitlement to any relief whatsoever against Defendants;

**WHEREAS**, the Defendants and Plaintiff wish to conserve their resources and avoid the risks presented by continued litigation and to resolve and settle fully and finally all differences between them;

**WHEREAS**, the Parties, all of whom have received independent legal and/or other advice in these matters, wish to settle these matters in a manner that will obviate the need for arbitration or other administrative or Court litigation between the Parties to this Agreement and will preclude the bringing of any claim, cause, proceeding or action against any and all of them by providing Plaintiff with an amount of money that will recompense Plaintiff for any and all of their alleged claims, costs and attorneys' fees;

**NOW, THEREFORE**, for and in consideration of the mutual covenants and promises herein contained and for good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1.    **No Admission of Liability.** The Parties hereto recognize and agree that Defendants, do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the Pending Action, or which could have been raised in such suit, or which otherwise involve Plaintiff's employment relationship with Defendants and the separation or termination of that employment relationship. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in a proceeding for breach of the terms of

1

this Agreement as set forth herein. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

2.   **Dismissal of Pending Action.** On October 26, 2016, the Defendants served the Plaintiff with an Offer of Judgment. Plaintiff may not seek to execute that judgment, except as provided for in Paragraph 5(D) of this Agreement. For and in consideration of the promises outlined in section 4 and elsewhere in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees, upon execution of the Agreement, (1) to file an acceptance of the offer of judgment with the Court, (2) not to re-file these causes of action, or any other causes of action against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) not to institute any action against any Defendants in any court or other forum based on facts existing prior to the date of this Agreement. In the event that additional documentation is needed to terminate the Pending Action, Plaintiff shall execute and submit all documents required to terminate such proceedings

3.   **General Release**:

A.   In consideration of the Parties' undertakings contained in this Agreement, Plaintiff, his heirs, beneficiaries, executors, administrators, affiliates, representatives, successors, assigns, and insurers, and all those acting in concert with him hereby irrevocably and unconditionally release Releasees from any and all claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions, and expenses (including attorney's fees and costs) of any nature whatsoever, known or unknown, which Plaintiff now has, had, or claims to have against the Releasees jointly, severally or singly, both personally and in their official capacity, from the beginning of time to the date of this Agreement, including, without limitation, claims relating to Plaintiff's employment or the termination of Plaintiff's employment; claims based in contract, tort, constitutional, statutory or common law, and claims under any federal, state, or local statute, order, law or regulation, governing terms or conditions of employment, including but not limited to wages, benefits or discrimination in employment on the basis of any protected characteristic under the Fair Labor Standards Act of 1938 ("FLSA"), the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Civil Rights Act of 1991, the Equal Pay Act, as amended, the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Genetic Information Nondiscrimination Act of 2008 ("GINA"), Uniformed Services Employment and Reemployment Rights Act ("USERRA"), Whistleblower Protection Statutes, 10 U.S.C §2409, 12 U.S.C. §1831j, 31 U.S.C. §5328, 41 U.S.C. §265,the Employee Retirement Income Security Act ("ERISA") (excluding any claims for accrued, vested benefits), COBRA, the Family and Medical Leave Act, New York State Labor Law, New York City Labor Law, and all similar and related statutes, rulings and administrative regulations of the State of New York and the City of New York, or any subdivision thereof, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory

damages, or any other claim, duty or obligation of any kind or description whether arising in law or equity, except for claims for payment of the Settlement Payment and to otherwise enforce this Agreement.

B. This **WAIVER, and RELEASE** is binding on the Parties, their heirs, legal representatives and assigns.

4. **Consideration.** Employer A Square B, Inc. agrees to pay Plaintiff and his attorneys the gross sum of Fifteen Thousand Five Hundred Dollars ($15,500), including all counsel fees and costs incurred by Plaintiff as set forth and allocated in section 5 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. Further, Plaintiff agrees that he has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Agreement.

5. **Payment.**

A. The Settlement Payment shall be paid in installments of One Thousand Nine Hundred Thirty-Seven Dollars and Fifty Cents ($1,937.50) per month until the Settlement Payment is paid in full. The first installment of $1,937.50 shall be paid within 30- business days of the Plaintiff's acceptance of the offer of judgment, or within 30-business days of the full execution of this agreement, whichever is later. Each subsequent installment shall be paid on or before the 15th of each month thereafter.

(i) Each installment payment in the amount of $1,937.50 shall consist of (a) one check in the amount of One Thousand One Hundred Eighty-Four Dollars and Eighty-Four Cents ($1,184.84) payable to Alfredo Garcia; and (b) one check in the amount of Seven Hundred Fifty-Two Dollars and Sixty-Six Cents ($752.66) made payable to Law Office of Justin A. Zeller, P.C., with the exception of the final installment payment which shall consist of (c) one check in the amount of One Thousand One Hundred Eighty-Four Dollars and Eighty-Seven Cents ($1,184.87) made payable to Alfredo Garcia and (d) one check in the amount of Seven Hundred Fifty-Two Dollars and Sixty-Three Cents ($752.63) made payable to Law Office of Justin A. Zeller, P.C.

B. Employer must deliver all payments of the Settlement Payment to the Law Office of Justin A. Zeller, P.C.

C. Plaintiff assumes full responsibility for his respective portion of any and all federal, state and local taxes or contributions regarding the Settlement Payment which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement. Plaintiff agrees to indemnify Defendants for any tax liability that may be associated with the Settlement Payment.

D. Plaintiff may not execute on or seek to enforce the judgment identified in Paragraph 2 unless Employer fails to make a payment and cure such failure as provided in this paragraph 5(D). There shall be a five (5) business day grace period for any default, in

3

whole or in part, in any payment to be made by the Employer under this Agreement. Following the five-business day grace period, if Employer fails to make any settlement payment in a timely manner pursuant to Paragraph 5(A) of this Agreement or if any check tendered is not negotiable for any reason, Plaintiff shall provide notice of the default by email to counsel for Defendants: Andrew Urgenson and Adam Katz, Oved & Oved, LLP, andrew@ovedlaw.com and akatz@ovedlaw.com. Defendants will then have five (5) business days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, or if any check tendered by Defendants to cure default is not negotiable for any reason, Plaintiff shall be entitled to seek to enforce the judgment identified in Paragraph 2, less any payments made by Employer pursuant to this Agreement.

E.      Plaintiff shall within ten (10) business days of the Settlement Payment being paid, file a Satisfaction of Judgment that is consistent with Exhibit A of this Agreement, or as such form may be required by the court to indicate that the judgment identified in Paragraph 2 has been fully satisfied.

6.      **No Re-Employment.** Plaintiff agrees and promises not to seek re-employment with Defendants, or any of its parents, subsidiaries, divisions, or affiliates at any time. Plaintiff further agrees and acknowledges that this Agreement shall constitute good and sufficient cause on which Defendants may reject any application for re-employment by Plaintiff or on their behalf and that such rejection would not constitute a violation of any law.

7.      **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws.

8.      **Important Acknowledgments.** It is further understood and agreed that the sum of Fifteen Thousand Five Hundred Dollars ($15,500) and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby.

9.      **Venue.** The parties hereto acknowledge that any dispute over the terms of this Agreement shall be adjudicated by a court of competent jurisdiction in the County of New York, State of New York and the parties consent to such jurisdiction and agree that venue only in the County of New York, State of New York would be proper and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum.

10.     **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersede and replace all prior negotiations and all agreements,

proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

11. **Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

12. **No Modification except in Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

13. **No Filing or Assignment of Other Claims** Plaintiff represents and warrants that he does not have any other pending complaints, charges, lawsuits, or other legal actions with any court or government agency relating to any claims being released under section 3. Plaintiff also further represents and warrants that he has not heretofore assigned or transferred, and will not subsequently assign or transfer, to any person not a party to this Agreement, the claims being released under section 3 or any part or portion thereof. In the event that, notwithstanding the representation contained herein, there are other actions, claims or proceedings against any of the Defendants by Plaintiff, Plaintiff agrees that this Agreement constitutes a withdrawal with prejudice of all other actions, claims or proceedings filed or pending against any of the Defendants, and that Plaintiff shall not be entitled to any monetary relief or to reinstatement to his employment as the result of such claims or charges.

14. **Non-Participation in Other Proceedings**: The Plaintiff represents and warrants that they have not, and agree that they will not, directly or indirectly, individually or through one or more intermediaries, lodge or assist anyone else in lodging any formal or informal complaint, claim, charge, action or proceeding in court, with any federal, state or local agency, or in arbitration, or in any other forum against any of the Defendants arising out of or related to any events that pre-date the execution date of this Agreement. In the event any such complaint, claim, charge, action or proceeding is filed, Plaintiff promises and represents that he will not, except as may be required by law or court order, testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaint, claim, charge, action or proceeding and that they each will execute such papers or documents as necessary to have said complaint, claim, charge, action or proceeding dismissed with prejudice to the extent possible.

15. **Response to Subpoena:** Plaintiff agrees that, in the event he is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Defendants, their prior employment with any of the Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff, will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

16. **Execution in Counterpart and by fax or PDF format.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall

constitute a complete Agreement. A facsimile or PDF version of this Agreement originally executed shall be accepted and enforceable as if it was an original.

    17.    Plaintiff understands, represents and agrees that he:

    A.    Has carefully read and fully understands all of the provisions of this Agreement;

    B.    Is, through this Agreement, releasing Defendants from any and all claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

    C.    Acknowledges that the only consideration for signing this Agreement is as set forth in this Agreement; that no other promise or agreements of any kind have been made to Plaintiff by any person or entity whatsoever to cause Plaintiff to sign this Agreement

    D.    Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    E.    Has been provided a verbal translation of the Agreement in Spanish and unequivocally understands the terms herein.

    F.    Knowingly and voluntarily intends to be legally bound by this Agreement;

    G.    Was advised to consider the terms of this Agreement with counsel, has fully and fairly been represented by counsel of his own choosing in this matter, and has consulted with counsel prior to executing this Agreement; and

    H.    Is duly authorized, competent, and has full authority to execute this Agreement.

Alfredo Garcia

On the 12th day of April, 2017. Alfredo Garcia, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the agreement and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, he executed the instrument.

John Michael Gurrieri
Attorney and Counslor at Law, State of New York
Registration No. 02GU6305920
Qualified in New York County
Commission expires June 16, 2018

6

A Square B Inc. d/b/a Murphy's Tavern

By: _____ _____
Dated: _____ __ _____          Brian M. Murphy


Dated: _____          Brian M. Murphy


Dated: _____          Kathleen Murphy


Dated: _____          Dennis J. Murphy

EXHIBIT A

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

ALFREDO GARCIA, individually and in
behalf of all other persons similarly situated,

Plaintiff,

–against–

A SQUARE B INC. d/b/a MURPHY'S
TAVERN, BRIAN M. MURPHY, DENNIS
JOHNSON MURPHY, and KATHLEEN
MURPHY, jointly and severally,

Defendants.

15 CV 6398 (RJS)

## SATISFACTION OF JUDGMENT

WHEREAS, Plaintiff accepted an Offer of Judgment on _____, and a Judgment
was entered in the above action on the _____ day of _____, 2016 in favor of Plaintiff
and against Defendants in the amount of $15,500 and said judgment thereon having been fully
paid, and it is certified that there are no outstanding executions with any Sheriff or Marshall,

THEREFORE, full and complete satisfaction of said Judgment is hereby acknowledged,
and the Clerk of the Court is hereby authorized and directed to make an entry of the full and
complete satisfaction on the docket of said Judgment.

Dated: _____, 2016
New York, New York

_____
Justin A. Zeller
Law Office of Justin A. Zeller, P.C.
277 Broadway, Ste. 408
New York, NY 10007-2036